IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

CARIBBEAN CELULAR UNLOCKS,
FRANCISCO J. TIRADO CRUZ, SUHAYDEE
VELAQUEZ AVILES AND THE CONJUGAL
PARTNERSHIP BETWEEN THEM.

**Plaintiffs**

v.

PETER DIAZ SANTIAGO, BUFETE DIAZ
SANTIAGO, JANE DOE, JOHN DOE,
INSURANCE COMPANY A

**Defendants**

**CIVIL NO.** 18-1462(RAM)

## OPINION AND ORDER ON DEFENDANT'S MOTION TO DISMISS

RAÚL M. ARIAS-MARXUACH, United States District Judge.

Pending before the Court is Defendant's Motion to Dismiss the Complaint for lack of subject matter jurisdiction [Docket No. 13.] After reviewing the parties' arguments, the documents on record and the applicable law, the Court hereby **GRANTS** Defendant's motion to dismiss for lack of subject matter jurisdiction.

### I. BACKGROUND

The Complaint in this case arises from an attorney-client relationship gone sour. The gravamen of the Complaint is that defendant Peter Díaz-Santiago ("Defendant") allegedly extracted and refused to return a $14,000 retainer under false pretenses. Based on the allegations of the Complaint, Plaintiffs claimed $119,000 in damages comprised of

the $14,000 retainer and other items of damages which are described below. [Docket No. 1 at ¶¶ 40-46.]

In his Motion to Dismiss, Defendant contends that subject-matter jurisdiction is lacking because plaintiffs did not meet 28 U.S.C. § 1332(a)'s amount in controversy requirement of $75,000 exclusive of interests and costs. Plaintiffs filed an opposition with unauthenticated documents tending to show Plaintiffs are domiciled in Pennsylvania and that Mrs. Velazquez had appointments with a psychiatric care provider on September 28, 2018 and on October 8, 2018. [Docket Nos. 16, 16-1 and 16-2.]

In their briefs, both parties expended effort arguing the merits of their respective claims and defenses. [Dockets No. 13 and 16.] This was beside the point. The Court's task at this stage is not to determine whether the Complaint has merit. Instead, the Court must determine whether the Plaintiffs meet 28 U.S.C. § 1332(a)'s amount in controversy requirement of $75,000 exclusive of interests and costs.

## II. APPLICABLE LAW

Jurisdiction pursuant to diversity of citizenship lies only "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). According to the First Circuit, the burden is on the federal plaintiff "to establish that the minimum amount in controversy has been met." Abdel-Aleem v. OPK Biotech, LLC, 665 F.3d 38, 41 (1st Cir. 2012) (citing Stewart v. Tupperware Corp., 356 F.3d 335, 337 (1st Cir. 2004)).

The sums claimed in the Complaint control "if the claim is apparently made in good faith." Id. Said good faith must be measured objectively. Id. When conducting this analysis, the question courts must answer is "whether to anyone familiar with the applicable law this claim could objectively have been viewed as worth more than the jurisdictional minimum." Id. (internal quotations omitted). *See also* Coventry Sewage Assoc. v. Dworkin Realty Co., 71 3d. 1, 6 (1st Cir. 1995).

Upon a challenge to whether the Complaint's allegations of damages meet the jurisdictional amount requirements, the party invoking federal jurisdiction has "**the burden of alleging with sufficient particularity facts that it is not a legal certainty that the claim involves less than the jurisdictional amount.**" Abdel-Aleem, 666 F.3d at 42 (emphasis added) (quoting Stewart v. Tupperware Corp., 356 F.3d at 338). "This burden can be met by amending the pleadings or submitting affidavits." Id. (citing Dep't of Recreation & Sports of P.R. v. World Boxing Ass'n, 942 F.3d 84, 88 (1st Cir. 1991)).

Because plaintiffs' bear the burden of proof on the existence of subject-matter jurisdiction, "argumentative inferences favorable to the pleader should not be drawn" when confronted with a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). *See* Menendez v. United States, 67 F. Supp. 2d 42, 45 (D.P.R. 1999).

### III. ANALYSIS

Plaintiff's claimed the following items of damages in the Complaint: (a) the $14,000 retainer; (b) no less than $20,000 breach of contract damages consisting in "a substantial diminishment" in Plaintiff

Francisco J. Tirado Cruz's "capacity to re-start a business for lack of cash flow"; (c) $50,000 in mental anguish damages for Mr. Tirado Cruz; (d) $25,000 in mental anguish damages his wife Mrs. Suhaydee Velázquez; and (e) $10,000 for their conjugal partnership in damages arising from "the economic crisis and relocation of their life after losing their business, and the attorney fraud." [Docket No. 1 at ¶¶ 40-46.]

On September 19, 2018, Plaintiffs were put on notice by Defendant's Motion to Dismiss that the sufficiency of the Complaint's allegations regarding the amount in controversy was being challenged. In response, Mr. Tirado Cruz and Mrs. Velázquez did not amend the pleadings or submit affidavits to provide a more particularized factual basis for their damages. Additionally, Plaintiffs failed to cite analogous cases showing that it is a legal certainty under Puerto Rico law that a case revolving around whether Defendant must return a **$14,000** retainer can entail **$105,000** in damages.

Plaintiffs did not provide any allegations to further develop the claim of "no less than $20,000 in breach of contract damages consisting in "a substantial diminishment" of Plaintiff Francisco J. Tirado Cruz's "capacity to re-start a business for lack of cash flow." Moreover, Plaintiffs did not present any evidence of their finances, their efforts to restart the business or how they valued the claim at $20,000. Likewise, Plaintiffs made no effort to further develop the claim for damages arising from "the economic crisis and relocation of their life after losing their business, and the attorney fraud." When an "opposing party has contested the alleged amount in controversy, the 'sufficient

particularity' standard requires something more than a plaintiff's conclusory statement." Abdel-Aleem, 666 F.3d at 45.

Even if the Court were to credit and add these $30,000 in alleged damages to the $14,000 that both parties recognize are in dispute, the resulting amount of $44,000 would still fall short of the required $75,000 exclusive of interest and costs. Thus, it is up to Plaintiffs' claims for mental anguish damages to bear Plaintiffs' burden of meeting the jurisdictional amount. They do not.

Under Puerto Rico Law, mental anguish damages allegedly stemming from a breach of contract "will not be awarded unless evidence establishes that the mental condition of plaintiffs has been considerably affected. Even under the more liberal standard under Puerto Rican tort law, there must still be a showing that in some appreciable measure the health, welfare and happiness of claimant were really affected." Serrano v. Nicholson Nursery, Inc., 844 F. Supp. 73, 76 (D.P.R. 1994) (Case adopting report and recommendation to dismiss for lack of subject matter jurisdiction).

Plaintiffs did not amend the Complaint to provide particularized details showing how both Mr. Tirado Cruz's and Mrs. Velázquez's health, welfare and happiness were affected by the breach of contract. While Plaintiffs presented documents apparently showing that Mrs. Velázquez is receiving psychiatric care, the documents are unauthenticated. Furthermore, Plaintiffs did not present any medical diagnoses or prognosis for Mrs. Velázquez or Mr. Tirado Cruz. Thus, even if the Court were to admit the documents, they would still be insufficient to overcome

the challenge posed by Defendant's Motion to Dismiss. *See* Gomez v. K Mart Corp., 2013 WL 4828245 (D. Mass. 2013) (Opposition to motion to dismiss which had no indication of plaintiff's diagnosis and prognosis held insufficient to establish jurisdictional amount).

In an analogous situation, the U.S. District Court for the District of Puerto Rico remitted to $5,000 per plaintiff an award of damages for mental anguish damages in a dispute over the validity of a $1,000,000 retainer agreement. *See* Estate of Angel Berganzo-Colón v. Ambush, 2012 WL 12893026 (D.P.R. 2012), aff'd, 704 F.3d 33 (1st Cir. 2013). Simply put and viewed objectively, the mental pain and suffering associated with the alleged misrepresentations and breach of contract is "insufficient to bridge the gap" between the dispute over a $14,000 retainer and the $75,000 jurisdictional amount requirement. *See* Murray v. Mars Chocolate North America, LLC, 2104 WL 3849908 (D.P.R. 2014) ("[V]iewed objectively the pain and suffering associated with the incident cannot fill the gap between the $3,000.00 cost of oral surgery and the $75,000.00 jurisdictional minimum.")

### IV. CONCLUSION

"Jurisdiction is not conferred by the stroke of a lawyer's pen. **When challenged it must be adequately founded in fact**". Diefenthal v. Civil Aeronautics Bd., 681 F.2d 1039, 1054 (5th Cir. 1982) (emphasis added).

For the reasons set forth herein, the Court finds that Plaintiffs have not met the burden of establishing that their claims meet 28 U.S.C. § 1332(a)'s amount in controversy requirement of $75,000 exclusive of

Civil No. 18-1462(RAM)                                                    7

interests and costs. Defendants' Motion to Dismiss for Lack of Subject

Matter Jurisdiction at Docket 13 is hereby **GRANTED**.

     Judgment of dismissal shall be entered accordingly.

     **IT IS SO ORDERED.**

     In San Juan Puerto Rico, this 17th day of July 2019.

                       S/ RAÚL M. ARIAS-MARXUACH
                       United States District Judge